IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYRON JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-4797-P-BN |
| | § | |
| DALLAS LIFE HOMELESS SHELTER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

This is a civil action brought by David Tyron Jones, appearing *pro se*, against the Dallas Life Homeless Shelter and unspecified co-conspirators. On November 26, 2012, Plaintiff tendered a one-page handwritten complaint with a one-page attachment to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to Plaintiff in order to obtain information about the factual basis of his suit. Plaintiff

answered the interrogatories on December 26, 2012.

Plaintiff's entire complaint reads:

> Witness Protection
>
> U.S. government American dieing lawsuit gang control thunder dorm terrorism cannibalism fights also causeing heart attacks and suicide deaths and lots of missing Americans government employees has the mobb threatening me that I have to die in every county and state that I have been too and filed my lawsuit the government has mobb gang members death threatening me in the shelters in the State of Texas because of pending federal protection orders.

*See* Dkt. No. 3 at 1. Attached to the complaint is a facsimile cover page that appears to request "emergency help" and placement in protective custody because employees of Shelby County, Tennessee and the State of Arkansas have threatened him in retaliation for his cooperation in a "million dollar lawsuit scam call[ed] the dieing lawsuit[.]" *See id.* at 2. In his interrogatory responses, Plaintiff claims that "all defendants" are responsible for:

> scheduleing Americans on fix income such as S.S.I. and food stamps program to die and real poor Americans are being beating to death on the 2nd 3rd floor of the homeless shelter and scheduleing me to die with the gang control thunder dorm terrism cannabalism fights click that also involes young kids judge the click is telling and teaching them the mobb and who all has to die state to state and feeding American cannabalism foods to other peoples[.]

*See* Dkt. No. 13 at Question 5. Plaintiff also references prior lawsuits filed in various federal and state jurisdictions, which lawsuits have allegedly resulted in his homelessness and harassment by various governmental entities. *See id.* By this suit, Plaintiff seeks placement in the federal witness protection program, one million dollars

in damages, and criminal penalties imposed against Defendants. *See* Dkt. No. 13 at 1.

The Court now determines that Plaintiff has failed to raise allegations sufficient to establish subject matter jurisdiction and that, in any event, this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

### Legal standards

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*." ). A federal court's jurisdiction is limited, and, unless otherwise provided by statute, federal courts generally may hear a case of this nature only (1) if it involves federal questions arising under the Constitution, laws, or treaties of the United States or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995).

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable,

discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim is factually frivolous when the facts alleged are "clearly baseless," *Neitzke*, 490 U.S. at 327, a category encompassing allegations that are "fanciful," *id.*, at 325, "fantastic," *id.* at 328, and "delusional[,]" *id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (factual allegations are "clearly baseless" where they "rise to the level of the irrational or the wholly incredible").

## Analysis

None of Plaintiff's allegations contained in his complaint or interrogatory responses state any basis for federal question or diversity jurisdiction. *See* Dkt. No. 13 at Question 2-3. Plaintiff does not allege any federal question arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Nor does he allege diversity of the parties in this litigation. *See* 28 U.S.C. § 1332(a)(1). Accordingly, he fails to raise allegations sufficient to establish subject matter jurisdiction.

Even if Plaintiff had sufficiently alleged subject matter jurisdiction in this Court, Plaintiff does not present a logical set of facts to support any claim for relief. His complaint and interrogatory responses contain a "hodgepodge of incoherent ramblings" that have no discernable basis in fact or law. *See Crenshaw v. Transicare, Inc.*, No. 3:10-cv-1861-O-BD, 2010 WL 5387619, at *2 (N.D. Tex. Dec. 6, 2010) (citing cases), *rec. adopted*, 2010 WL 5209305 (N.D. Tex. Dec. 17, 2010). Dismissal is clearly warranted under these circumstances. *See id.* (summarily dismissing *pro se* complaint that failed to present a logical set of facts to support any claim for relief); *accord Denton*, 504 U.S.

at 32-33; *Neitzke,* 490 U.S. at 326-28. To the extent that Plaintiff wishes to raise criminal claims in this lawsuit, he has failed to state a claim for relief. *See Williams v. Cintas Corp.,* No. 3:07-cv-561-M, 2007 WL 1295802, at *2 (N.D. Tex. Apr. 10, 2007) (collecting cases), *rec. adopted,* 2007 WL 1300780 (N.D. Tex. May 2, 2007) ("[F]ederal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action").

## Recommendation

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 28, 2012

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE